# NO. 12-24-00214-CV

# IN THE COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT

# TYLER, TEXAS

| | | |
|---|---|---|
| *IN THE INTEREST OF* *O.S.G., O.N.V. AND O.H.V.,* *CHILDREN* | § | *APPEAL FROM THE 273RD* |
| | § | *JUDICIAL DISTRICT COURT* |
| | § | *SAN AUGUSTINE COUNTY, TEXAS* |

## MEMORANDUM OPINION
### PER CURIAM

This appeal is being dismissed for want of prosecution as to J.G. only. *See* TEX. R. APP. P. 42.3(b). R.G. filed his notice of appeal on June 26. J.G. perfected her appeal on July 22, 2024.[1] The Clerk of this Court advised the parties that, due to the accelerated nature of this case, the record was due July 5, Appellants' briefs were due July 25, and Appellee's brief was due August 14.[2] The notice further advised that this Court would not grant an extension of time absent extraordinary circumstances. The clerk's record was filed on July 1, the reporter's record was filed on July 12, and J.G.'s brief was due on or before July 25. On July 30, this Court notified both Appellants that their briefs were past due. We further notified Appellants that the appeal may be dismissed for want of prosecution unless a motion for extension of time, containing a reasonable explanation for the failure to file a brief and showing that Appellee has not suffered material injury thereby, is filed no later than August 9.

---

[1] J.G.'s counsel was copied on notices that predated the filing of her notice of appeal.

[2] TEX. RULE JUD. ADMIN. 6.2(a) (in appeal from parental termination suit filed by a governmental entity for managing conservatorship, an appellate court should, as far as reasonably possible, ensure that appeal is brought to final disposition within 180 days of the date the notice of appeal is filed); TEX. R. APP. P. 2 (suspension of rules).

This deadline expired and J.G. did not file a brief or a motion for extension of time. Accordingly, we **dismiss** J.G.'s appeal for **want of prosecution**.[3]  *See* TEX. R. APP. P. 38.8(a)(1), 42.3(c).  This dismissal does not affect R.G.'s appeal.

Opinion delivered August 15, 2024.
*Panel consisted of Worthen, C.J., Hoyle, J., and Neeley, J.*

---

[3] We do not apply the criminal fundamental-error doctrine to parental rights termination cases.  ***In re B.L.D.***, 113 S.W.3d 340, 351 (Tex. 2003).  We further presume that our preservation of error rules, including our rules related to appellate briefing, comport with due process.  *See id*. at 352.  While that presumption may be defeated in rare circumstances, nothing in this record indicates that Appellant's due process rights are violated by dismissing the case for want of prosecution.  *See id*. at 354.



# COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT OF TEXAS

# JUDGMENT

**AUGUST 15, 2024**

**NO. 12-24-00214-CV**

**IN THE INTEREST OF O.S.G., O.N.V. AND O.H.V., CHILDREN**

---

Appeal from the 273rd District Court
of San Augustine County, Texas (Tr.Ct.No. CV-21-10180)

---

THIS CAUSE came to be heard on the appellate record; and the same being considered, it is the opinion of this Court that this appeal should be dismissed for want of prosecution.

It is therefore ORDERED, ADJUDGED and DECREED by this Court that the appeal be, and the same is, hereby **dismissed for want of prosecution**; and that this decision be certified to the court below for observance. This dismissal does not affect the appeal filed by R.G.

By *per curiam* opinion.
*Panel consisted of Worthen, C.J., Hoyle, J. and Neeley, J*